# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1041 | **DATE** | 8/8/2002 |
| **CASE TITLE** | Edward Snyder and Janet Snyder vs. Barry Realty | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Plaintiff's motion to vacate dismissal for want of prosecution is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | AUG 08 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 125 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| EF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD SNYDER and JANET )
SNYDER, )
)
Plaintiffs, )
)
vs. ) No. 96 C 1041
) HONORABLE CHARLES R. NORGLE
BARRY REALTY, INC., an Illinois )
Corporation, and various unidentified )
employees "Tammy," and "Carol;" )
DON BARRY; MICHAEL BARRY; )
MICHAEL AUFRECHT, )
)
Defendants. )

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Plaintiffs' motion to vacate dismissal for want of prosecution. For the following reasons, the motion is denied.

## I. BACKGROUND

This case arises out of alleged housing discrimination. The case was filed in February of 1996, and proceeded through a protracted pre-trial phase. On April 11, 2000, the court ordered the parties to submit an agreed written status report within 21 days. The parties did so, with the report indicating that settlement discussions had broken down and that settlement was highly unlikely. The report also indicated that one of the plaintiffs had declared bankruptcy, but that this suit was not going to be part of the bankruptcy estate, so that the suit could proceed. The progress of the bankruptcy and any impact on this suit was never raised again.



There was no further activity in the case until September 27, 2001 when the court set the case for trial on January 22, 2002. On January 22, 2002 Defendants appeared for trial, but Plaintiffs did not. The court noted that Plaintiffs failed to appear for the scheduled trial date, and dismissed the suit for want of prosecution. Nothing happened until July 12, 2002, when Plaintiffs filed the instant motion to vacate the dismissal. Plaintiffs' motion to vacate is fully briefed and ripe for ruling.

## II. DISCUSSION

Plaintiffs cite Federal Rule of Civil Procedure 60, but fail to specify whether the motion is brought under Rule 60(a) or 60(b), and if 60(b), which subdivision thereof. As Defendants point out, the only portion of Rule 60 that may pertain to Plaintiffs' argument is Rule 60(b)(1), and that is how the court will analyze the motion.

The court has broad discretion to rule on 60(b) motions, which should be granted only in exceptional circumstances. See Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir. 1991); see also Jones v. Lincoln Elec. Co., 188 F.3d 709, 732 (7th Cir. 1999); Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., 131 F.3d 625, 628 (7th Cir. 1997); United States v. 8136 Dobson Street, 125 F.3d 1076, 1082 (7th Cir. 1997). Rule 60(b)(1) states in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." Fed. R. Civ. P. 60(b)(1). When analyzing a 60(b) motion that attacks a discretionary dismissal of a suit, the analysis is "somewhat collapsed" into a review of the dismissal itself. See Del Carmen v. Emerson Elec. Co., 908 F.2d 158, 161 (7th Cir. 1990).

Here, the court had discretion to dismiss the case for want of prosecution when Plaintiffs did not appear on a trial date set four months earlier. A dismissal for want of prosecution can be a harsh

ruling, and should occur only when it is proportionate to the plaintiff's conduct. See Bolt v. Loy, 227 F.3d 854, 856 (7th Cir. 2000). Plaintiffs argue that the dismissal was improper because it came in the absence of a "warning shot" from the court. See Local Rule 41.1; see also Bolt, 227 F.3d at 856 (discussing dismissals for want of prosecution). Under the facts of this case, with it being nearly six years old at the time of trial, and with the trial date having been scheduled for approximately four months, the court was under no obligation to warn Plaintiffs of possible dismissal. See e.g. Local Rule 41.1 (stating that dismissal may occur if a party fails to respond to an order of the court). This is not a case of a party missing a briefing schedule, or other relatively minor misconduct during pretrial procedures. Compare Bolt, 227 F.3d at 856. Instead, the case was several years old, there was a trial scheduled, and Plaintiffs failed to appear. The case needed to be brought to conclusion, and there was no reason for it to stay alive when Plaintiffs failed to appear. In short, the court was well within its discretion to dismiss for want of prosecution when Plaintiffs did not show up for trial.

Plaintiffs argue that the dismissal should be vacated because the reason they failed to appear was that their counsel did not receive a copy of the court's order setting the case for trial. The court construes this argument as one based on the "excusable neglect" language of Rule 60(b)(1). Relief under 60(b)(1) because of excusable neglect requires more than simple negligence or ordinary lapses in diligence. See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 389 (1993); United States v. Brown, 133 F.3d 993, 996 (7th Cir.1998); Norgaard v. DePuy Orthopaedics, Inc., 121 F.3d 1074, 1075-76 (7th Cir. 1997); Prizevoits v. Indiana Bell, 76 F.3d 132, 133-34 (7th Cir. 1996). Circumstances the court should consider are the danger of prejudice to the non-moving party, the impact on judicial proceedings, the reason for the movant's shortcomings, whether the movant

3

has acted in good faith, and whether the problems were within the movant's control. See United States v. Brown, 133 F.3d at 996 (citing Pioneer Inv., 507 U.S. at 395 & 398).

In this case, Plaintiffs fail to demonstrate excusable neglect. Again, Plaintiffs blame lack of notice for their non-appearance on the trial date, and assert the same lack of notice as the reason that they did not seek relief from the dismissal for nearly six months. Language in some cases suggests that difficulties with the mail may justify relief under Rule 60(b)(1), see Prizevoits, 76 F.3d at 134, but this case does not fall within that category. The other circumstances the court must consider, particularly the reason for the missed trial date, and the impact on judicial proceedings, persuade the court to deny Plaintiffs' motion.

First, Plaintiffs' assertion that they did not receive the court's orders setting the case for trial and later dismissing the case does not justify relief from the dismissal. The docket reflects that the clerk's office mailed the orders, and there is a presumption that properly addressed mail is delivered. Bobbitt v. Freeman Cos., 268 F.3d 535, 538 (7th Cir. 2001); In re Longardner & Assoc., 855 F.2d 455, 459-60 (7th Cir. 1988). Defendants' counsel received the orders by mail, which is evidence that the orders were in fact mailed. Even accepting Plaintiffs' argument that their counsel did not receive copies of the orders, counsel are obliged to follow their cases. See Williams v. Hatcher, 890 F.2d 993, 995-96 (7th Cir. 1989); Spika v. Village of Lombard, Ill., 763 F.2d 282, 285-86 (7th Cir. 1985); cf. Norgaard, 121 F.3d at 1075 (noting that it is inexcusable, ordinary, neglect for counsel to be ignorant of the Supreme Court's docket). Counsel should have monitored the case and made themselves aware of the January 22, 2002 trial date, which was set nearly four months earlier in September 2001. Counsel's inattention to the docket is further demonstrated by the fact that they claim they did not learn of the trial date or the dismissal until July of 2002. At that time, Plaintiffs

counsel discovered the status of their case from a third party, instead of through their own efforts. Such inattention is unacceptable in a case that was filed in early 1996, and in which there had been no significant activity since May of 2000. As busy lawyers, counsel obviously were in contact with the Clerk on other matters. Additionally, Plaintiffs themselves were involved in a bankruptcy, which likely kept them aware of lawyers, litigation, and the law. Their interest in the lawsuit filed in 1996 must have sparked some curiosity by January 2002 of the merits and progress of the case.

Second, granting Plaintiffs' motion would interfere with efficient judicial administration. The court has an obligation to move cases towards conclusion. See Campania Mgmt., Inc. v. Rooks, Pitts & Poust, 290 F.3d 843, 851-52 (7th Cir. 2002) (encouraging the district courts to "use a firm hand in shepherding cases to trial. . ."); Smith on Behalf of Smith v. Severn, 129 F.3d 419, 424-25 (7th Cir. 1997) (noting the importance of deadlines in the practice of law). This case was more than five years old at the time the trial date was set, and needed to be brought to conclusion. Counsel has no excuse for not recognizing this and for not monitoring the case. To re-open the case now, more than six years after the case was filed and several months after the scheduled trial date has come and gone, renders the court's scheduling orders nugatory. An efficient judiciary is impossible if the court is to accommodate parties who ignore their cases and miss their trials.

Plaintiffs argue that they have prosecuted the case diligently, save for the missed trial date, and therefore the dismissal is draconian. Plaintiffs' focus on the missed trial date as a single lapse is a somewhat narrow view of the facts. Obviously, missing the trial is a serious misstep. And, as noted above, all parties have an obligation to follow their cases. See Williams, 890 F.2d at 995-96; Spika, 763 F.2d at 285-86. It is evident that Plaintiffs did not examine the case file from at least September of 2001 until they learned of the dismissal. The trial was scheduled, the date passed, and

5

Plaintiffs did nothing for almost six months, when they learned from a third party that the case had been terminated. If Plaintiffs had not learned of the case's status from the third party, there is no telling how long Plaintiffs would have continued to ignore the file. Thus, there was more than a single lapse by Plaintiffs, there was the failure to appear for trial, and a continuing failure to monitor their case.

Plaintiffs' final argument is that they have been more diligent in prosecuting the case than Defendants have been in defending. This position is wholly without merit, as Defendants' purported shortcomings are not at issue. It was Plaintiffs' failure to monitor the case and to appear for trial that led to the dismissal for want of prosecution. The grounds raised in the motion do not justify putting the adversary to the continued expense and uncertainty of litigation.

### III. CONCLUSION

For the foregoing reasons, the court denies Plaintiff's motion to vacate the dismissal for want of prosecution.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, SR. Judge
United States District Court

DATED: 8/8/02